STATE OF MAINE

KNOX, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-005

HAROLD DALE HAYWARD

     Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMMISSION,

     Respondent

**DECISION AND ORDER**

In this case the petitioner, Harold Dale Hayward, Jr. ("Hayward") has appealed to this court to review the action of the Maine Unemployment Insurance Commission ("Commission") affirming a decision of a Commission Hearing Officer who had found that the petitioner was ineligible for unemployment benefits because he had left his employment voluntarily without good cause attributable to that employment.

The petitioner and the respondent have complied with all the procedural requirements of M.R. Civ. P. 80C, oral argument has been conducted, and the case is now in order for disposition.

The petitioner has argued that he was entitled to unemployment benefits because he had "good cause" to voluntarily leave his employer, All Aboard Trolley Company ("All Aboard"),[1] namely that it had violated its promise of work by drastically reducing his work hours as a trolley driver and because it cheated him out of his promised share

---

[1] The parties dispute whether petitioner's actual employer was All For You Staffing or All Aboard Trolley Company which are, apparently, controlled by the same principals. It is of no consequence to the resolution of this case which entity was, in fact, the petitioner's employer.

of tips.[2] Specifically, Hayward alleges that when he was hired by All Aboard, he was assured that "there would be plenty of hours" . . . and that he would be given "all the hours [he] wanted." R., p. 114-115. Instead, he says he was given reduced hours to work, including, for example as few as three hours a day during the busy Lobster Festival weekend in Rockland..

In its decision, however, the Commission found that the petitioner had not met his burden of persuasion that he left this employment with good cause attributable to that employment. Specifically, the Commission found that Hayward's employment was part-time and that All Aboard scheduled his work around his full-time schedule as a student with the result that the employer provided Hayward with the hours that it could.

Next, the Commission found that the employer had credibly testified that all tips were placed in a communal tip jar, but that tips were rarely received and, further, that the claimant was unaware of when tips were received or how much they were. From this, the court must infer that the Commission found that Hayward had not substantiated his claim that he had been deprived of his share of tips.

Finally, the Commission found that the petitioner had not informed his employer of his concerns when he resigned from All Aboard. That is, Hayward wrote a resignation letter to All Aboard's principals informing them that he had made "a decision to seek full time employment as [his] needs and plans have changed. I also need to find employment that will provide some type of benefits, specifically health insurance." R., p. 113. Next, he wrote, "I have an immediate offer that I must explore, therefore, I feel it best for me to not be assigned any more work." Id.

---

[2] The petitioner also presented a claim to the Commission that his employer broke a promise to him of a raise after 30 days of employment. The Commission found that the specific promise was not made and the petitioner has waived that grievance in this appeal. See Reply Brief of petitioner, p. 2, ¶ 3.

In his brief, the petitioner advises that the issue presented is whether he quit his employment for "good cause" within the meaning of that phrase as it is found in the text of 26 M.R.S.A. § 1193(1)(A).[3] He argues that the Commission erred in finding that he had not established "good cause" and points to the case of *Boucher v. Maine Employment Security Commission*, 464 A.2d 171 (Me. 1983) for the proposition that a drastic involuntary reduction in work hours and, therefore, income, amounts to good cause which cannot be justified by an employer's good reasons to reduce employment hours.

In *Boucher*, the employee was working as a leather cutter in a shoe factory, earning approximately $10 per hour based upon an hourly wage and incentives for piecework. He was laid off and then recalled whereupon he was assigned to the job of "last pulling" which paid only the minimum wage of $3.35 per hour. He immediately complained to his foreman, then to the personnel manager, and filed four written complaints. When these efforts were unsuccessful, he quit his job. The Law Court concluded in *Boucher* that a significant reduction in the employee's compensation fell within the ambit of good cause under section 1193 of Title 26 so that he should have been afforded unemployment benefits.

The petitioner argues that his case is comparable to *Boucher's* in that he, too, suffered a substantial reduction in pay because his hours were cut back by the unilateral action of the employer.

---

[3] The relevant language of 26 M.R.S.A. § 1193(1)(A) reads as follows:

§ 1193. Disqualification

An individual shall be disqualified for benefits:

1.   Voluntarily leaves work.

   A.   For the week in which the claimant left regular employment voluntarily without good cause attributable to that employment ...

There are several differences between the facts in *Boucher* and the case at bar. First, *Boucher's* employment was a full-time job where Hayward's was part-time and seasonal. Second, *Boucher* had a reasonable expectation that when he was recalled "he would receive his former position or a comparable one," *Boucher v. Maine Employment Security Commission*, 464 A.2d at 171, but Hayward's hours, according to the Commission's findings, were adjusted to accommodate his personal needs and that his employer provided him all the hours that it could. R., p. 16-17. Finally, but most importantly, the Law Court found in *Boucher* that the employee did not voluntarily accept his reduction in pay and took affirmative steps to grieve this circumstance with his employer. In contrast, Hayward told All Aboard that he was leaving to pursue a better employment opportunity and did not tell his employer that he was quitting because he was dissatisfied with any of his working conditions.

According to Maine precedent, an employer is entitled to notice of an employee's dissatisfaction with his employment circumstances so that it may make appropriate efforts to change the offensive conditions. *Merrow v. Maine Unemployment Insurance Commission*, 495 A.2d 1197, 1201 (Me. 1985). Accordingly, an employee "must reasonably make known his dissatisfaction to the employer." *Id.* Should an employee fail to communicate his dissatisfaction with his employment conditions, it cannot be said that he left his job with good cause attributable to such employment. *Id.*

While the record would support a finding that the principals of All Aboard knew that the petitioner was dissatisfied with the tips he was getting and the hours he was working, R., pp. 41-42, 87-88, the petitioner has acknowledged that he never told them that this dissatisfaction was the reason for his quitting. R., pp. 88, 113. Moreover, the interpretation and import to be assigned to the evidence heard by the Commission and its hearing officer may not be second-guessed by this court. *Imagineering v.*

4

*Superintendent of Insurance*, 593 A.2d 1050, 1053 (Me. 1991). Thus, the apparent findings by the Commission, adequately supported in the record, that there was no cheating on tips, that All Aboard gave the petitioner all the hours that it could while accommodating his personal schedule, and, importantly, that Hayward never told his employer the real reason he quit may not be disturbed by this court.

These findings, in the court's view, are sufficient to sustain the Commission's conclusions and that, therefore, as a matter of law, the petitioner has not met his burden of persuasion that the Commission erred in its finding that the petitioner voluntarily left his employment with good cause attributable to that employment.

All this being so, the entry will be:

> Judgment is ENTERED on the complaint for the Respondent; M.R. Civ. P. 80C appeal is DENIED; Decision of the Maine Unemployment Insurance Commission No. 03-C-07432 is AFFIRMED.

So ordered.


Dated: November____, 2004

John R. Atwood
Justice, Superior Court

5